Filed 7/31/14  P. v. Morales CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E060545 |
| v. | (Super.Ct.No. FSB036627) |
| RALPH RUBEN MORALES, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On April 7, 2005, a jury found defendant Ralph Ruben Morales guilty of four counts of robbery. (Pen. Code, § 211, counts 1-2, 4-5.) Following a bifurcated trial on April 12, 2005, the trial court found true allegations that defendant suffered four strike priors (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and that defendant suffered four prior serious felony convictions (§ 667, subd. (a)(1)).

After numerous continuances, defendant was sentenced on May 10, 2006. The trial court denied defendant's request to strike his strike convictions for purposes of sentencing pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court sentenced defendant pursuant to the three strikes law to a total indeterminate term of 180 years to life as follows: 25 years to life on each count, to run consecutively, plus four consecutive 20-year terms based on the true finding enhancements of prior serious felony convictions.

On January 8, 2014, defendant, acting in propria persona, filed a petition in the superior court requesting a recall of his sentence and resentencing pursuant to The Three Strikes Reform Act of 2012 (Reform Act). At an ex parte hearing conducted on January 23, 2014, the trial court concluded defendant was not eligible for resentencing under the Reform Act because he had been convicted of serious felonies. (See Pen. Code, §§ 1170.126, subd. (e)(1), 1192.7, subd. (c)(19).) The court denied the petition.

Defendant timely appealed from the denial of his petition.[1]

DISCUSSION[2]

After defendant appealed, this court appointed counsel to represent him. Counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of facts and potential arguable issues, and requesting that this court undertake an independent review of the record on appeal.

We invited defendant to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

---

[1] We note that the question of whether a prisoner may appeal the denial of a petition for recall and resentencing under the Reform Act is pending before the Supreme Court. (*Teal v. Superior Court*, review granted July 31, 2013, S211708.) Even if we were to conclude such an order is not appealable, we could, in the interests of judicial economy, treat this appeal as a petition for writ of habeas corpus or a petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating an appeal from an nonappealable order as a petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating an appeal as a petition for writ of mandate due to the uncertainty in the law about appealability].) Therefore, we decline to dismiss the appeal, and we will conduct an independent review of the record on appeal as requested by appellate counsel.

[2] Because defendant appeals from an order denying his postjudgment petition for resentencing, the underlying facts of his 2005 convictions are neither included in the record nor applicable to this appeal.

DISPOSITION

The postjudgment order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

4